FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 21, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>TOMMIE JOE FLETT,<br><br>                Defendant. | No. 2:18-cr-00157-SMJ<br><br>**ORDER RULING ON PRETRIAL MOTIONS** |

On September 5, 2018, the Government filed an Indictment charging Defendant Tommie Joe Flett with two counts: assault with a dangerous weapon and domestic assault by an habitual offender resulting in substantial bodily injury. ECF No. 1. On March 19, 2019, the Court rejected the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, granted Flett's oral motion to withdraw his guilty plea, and scheduled a pretrial conference and trial. ECF No. 40.

The Court held a pretrial conference on May 21, 2019. Before the Court was Flett's motion to dismiss count two and response to the Government's notice of prior convictions, ECF No. 54; Flett's motion to bifurcate or sever counts and response to the Government's notice of prior convictions, ECF No. 50; Flett's objections to anticipated expert testimony, ECF No. 49; and Flett's motions *in limine*, ECF No.

ORDER RULING ON PRETRIAL MOTIONS - 1

48. The Court ruled orally on each of Flett's motions and objections. This Order memorializes and supplements the Court's oral rulings, which are incorporated herein. The Court addresses each of Flett's motions and objections in turn.

**A.     Flett's motion to dismiss count two**

Count two of the Indictment charges Flett with domestic assault by an habitual offender resulting in substantial bodily injury. ECF No. 1 at 2. Flett moves to dismiss count two, arguing insufficient evidence supports it because his criminal history does not contain the two predicate convictions required. ECF No. 54 at 4–8. For the jury to find Flett guilty of count two, the Government must prove beyond a reasonable doubt that, on or about July 12, 2018, he "ha[d] a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction . . . any assault, sexual abuse, or serious violent felony against a[n] . . . intimate partner." 18 U.S.C. § 117(a)(1); *see also* ECF No. 1 at 2.

Flett argues he has only one predicate conviction because his prior state and tribal convictions do not qualify as the second predicate.[1] Applying the categorical approach, Flett argues his prior state and tribal convictions are overbroad because

---

[1] Flett "concedes that his prior federal conviction constitutes one predicate conviction for purposes of 18 U.S.C. §117(a)," ECF No. 54 at 9 n.9, but disputes whether any of his prior state and tribal convictions qualify as the second predicate, *id.* at 4–8.

ORDER RULING ON PRETRIAL MOTIONS **-** 2

they require a lesser mens rea than the federal generic offenses, which require intent. ECF No. 54 at 4–7. Assuming, without deciding, that the categorical approach applies in this context, Flett's argument fails.

Both Flett and the Government point to simple assault and assault by striking, beating, or wounding (i.e., simple battery[2])—18 U.S.C. § 113(a)(4) and (5)—as possible comparators. *Id.* at 5; ECF No. 61 at 8, 11, 12. Because § 113 "does not specify a mens rea requirement, nor does it define 'assault,'" the Ninth Circuit has "applied the common law definition of assault to § 113 crimes." *United States v. Lamott*, 831 F.3d 1153, 1156 (9th Cir.), *cert. denied*, 137 S. Ct. 258 (2016). "Common law assault is defined as '(1) a willful attempt to inflict injury upon the person of another, also known as an attempt to commit battery, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.'" *Id.* (quoting *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007)).

"Under the common law, 'an assault is an attempted battery and proof of a battery will support conviction of an assault.'" *Lewellyn*, 481 F.3d at 697 (quoting *United States v. Dupree*, 544 F.2d 1050, 1052 (9th Cir. 1976)). "[B]attery is a general intent crime." *Lamott*, 831 F.3d at 1157. "[A] general intent crime requires

---

[2] Assault by striking, beating, or wounding is the "equivalent of simple battery." *United States v. Juvenile Male*, 930 F.2d 727, 728 (9th Cir. 1991).

only that the act was volitional (as opposed to accidental), and the defendant's state of mind is not otherwise relevant." *Id.* at 1156. Thus, "[a]t common law, battery did not require intent to injure, only that the offensive touching was willful." *Lewellyn*, 481 F.3d at 697. Similarly, "[t]he *mens rea* requirement [for assault] is that the volitional act be willful or intentional; an intent to cause injury is not required." *Id.*

Incorporating these rules, the model jury instructions for simple assault and simple battery require that the defendant commit the act "intentionally." *See* Ninth Circuit Jury Instructions Comm., *Manual of Model Criminal Jury Instructions* 8.7A, 8.8 (2010 ed.). "'Intentionally' applies to the act itself, and serves merely to distinguish nonvolitional or accidental conduct. The requirement that an act be done 'intentionally' is 'a perfectly adequate formulation of the idea of general intent.'" *Lamott*, 831 F.3d at 1158 n.1 (quoting *United States v. Smith*, 638 F.2d 131, 133 (9th Cir. 1981)). And again, under that formulation, "[i]ntent to injure is not required"; indeed "criminal negligence or recklessness will suffice" as long as the act itself was intentional in the sense that it was volitional and voluntary. *United States v. Juvenile Male*, 930 F.2d 727, 728–29 (9th Cir. 1991); *see also Lamott*, 831 F.3d at 1156, 1158 n.1; *United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991).

The Government alleges Flett has nine prior state and tribal convictions that qualify as predicates. ECF No. 61 at 4–5. But the Government relies most heavily on Flett's 2006 and 2008 Spokane Tribal Court convictions for second degree

assault and battery. *Id.* at 9. Under the Spokane tribal code, "[a]ny person who shall willfully and knowingly use force or violence on another person shall be guilty of assault and battery in the second degree when he willfully and unlawfully touches, strikes or otherwise harms the person or body of another." SPOKANE TRIBE OF INDIANS, REV. LAW & ORDER CODE § 8-2.02(a) (2013), *available at* http://spokanetribe.com/userfiles/file/SLOC%2005-14-2013%20%28Final%29%281%29.pdf.

The plain language of this statute—specifically the words "willfully and knowingly" and "willfully and unlawfully"—requires that the defendant commit the act "intentionally" within the common law meaning outlined above. Specifically, this statute requires a volitional and voluntary act. Flett's argument that "willfully" is a lower mens rea than "intentionally," ECF No. 54 at 8, is mistaken because the words are synonymous in this context.[3] Further, Flett's argument that this statute extends to nonbodily harm, *id.*, ignores the corporal focus of its plain language, which proscribes "us[ing] force or violence on another person"

---

[3] *See Loera*, 923 F.2d at 728 ("The term 'willful' as used at common law as an element of a general intent crime refers to a volitional act. A willful act is a voluntary act. A voluntary act is one in which the individual has the ability to choose his course of conduct. The only question is whether the person could have refrained from doing it, or whether he was controlled by some irresistible power. If he could have refrained, the act is voluntary; but, if he was impelled by some irresistible force, it is involuntary." (internal quotation marks, ellipsis, and citation omitted)); *Lamott*, 831 F.3d at 1158 n.1 ("'Intentionally' applies to the act itself, and serves merely to distinguish nonvolitional or accidental conduct. The requirement that an act be done 'intentionally' is 'a perfectly adequate formulation of the idea of general intent.'" (quoting *Smith*, 638 F.2d at 133)).

ORDER RULING ON PRETRIAL MOTIONS **-** 5

by "touch[ing], strik[ing] or otherwise harm[ing] the person or body of another."

Therefore, Flett's 2006 and 2008 Spokane Tribal Court convictions for second degree assault and battery did not require a lesser mens rea than, and are no broader than, the federal generic offenses of simple assault and simple battery. The victims involved in those tribal convictions appear to have been Flett's intimate partners. *See* ECF No. 44 at 5; ECF No. 61 at 4. As a matter of law, either of those tribal convictions could qualify as Flett's second predicate.[4]

From this evidence, a rational jury could find beyond a reasonable doubt that Flett had the two required predicate convictions on or about July 12, 2018. In sum, it appears the Government may present sufficient evidence to prove Flett "ha[d] a final conviction on at least 2 separate prior occasions in Federal . . . or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction . . . any assault . . . against a[n] . . . intimate partner." 18 U.S.C. § 117(a)(1); *see also* ECF No. 1 at 2. Flett's motion to dismiss count two is **DENIED**.

**B.     Flett's motion to bifurcate or sever counts**

Count one of the Indictment charges Flett with assault with a dangerous weapon. ECF No. 1 at 1. Count two of the Indictment charges Flett with domestic assault by an habitual offender resulting in substantial bodily injury. *Id.* at 2. For

---

[4] Considering this analysis, the Court does not determine whether Flett's remaining seven state and tribal convictions qualify as predicates.

the jury to find Flett guilty of count one, the Government must prove the following elements beyond a reasonable doubt:

> First, the defendant assaulted D.L. by intentionally wounding her;
>
> Second, the defendant acted with the intent to do bodily harm to D.L.;
>
> Third, the defendant used a dangerous weapon; and
>
> Fourth, the assault took place within the external boundaries of the Colville reservation, in Indian country.

*See* Ninth Circuit Jury Instructions Comm., *Manual of Model Criminal Jury Instructions* 8.7 (2010 ed.); *see also* ECF No. 1 at 1; 18 U.S.C. § 113(a)(3). For the jury to find Flett guilty of count two, the Government must prove the following elements beyond a reasonable doubt:

> First, the defendant knowingly assaulted D.L.;
>
> Second, as a result, D.L. suffered substantial bodily injury;
>
> Third, at the time of the assault, D.L. was the defendant's current or former intimate or dating partner;
>
> Fourth, the assault took place within the external boundaries of the Colville reservation, in Indian country; and
>
> Fifth, the defendant committed the assault after having a final conviction on at least two separate prior occasions in federal, state, or Indian tribal court proceedings for offenses that would be, if subject to federal jurisdiction, any assault, sexual abuse, or serious violent felony against an intimate partner.

*See* ECF No. 1 at 2; 18 U.S.C. § 117.

Flett moves to bifurcate trial proceedings because, he argues, the Government

ORDER RULING ON PRETRIAL MOTIONS **-** 7

would prejudice his defense on count one by introducing evidence of his nine prior domestic assault convictions to prove count two's final element. ECF No. 50 at 1–3. Flett proposes withholding count two's final element, and corresponding evidence of his prior domestic assault convictions, unless and until the jury finds the Government has proven all other elements of count two beyond a reasonable doubt. *Id.* at 3.

Under Federal Rule of Criminal Procedure 14, the Court may "order separate trials of counts" or "provide any other relief that justice requires" whenever "the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). "Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." *Zafiro v. United States*, 506 U.S. 534, 541 (1993). Thus, under Rule 14, the Court has the authority to bifurcate trial proceedings in the exercise of sound discretion. *United States v. Carlson*, 423 F.2d 431, 435 (9th Cir. 1970).

"The defendant has the burden of proving that [a] joint trial w[ould be] manifestly prejudicial." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986). "The prejudice must . . . be[] of such magnitude that the defendant's right to a fair trial w[ould be] abridged." *Id.* "Evidence is prejudicial only when it has an additional adverse effect on a defendant beyond tending to prove the fact or issue that justified its admission. A prior conviction is not prejudicial when it is an

element of the charged crime." *United States v. Barker*, 1 F.3d 957, 959 (9th Cir. 1993).[5] However, "[t]here is 'a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.'" *Lewis*, 787 F.2d at 1321 (omission in original) (quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)). Therefore, the issue is whether Flett's prior domestic assault convictions are inadmissible as to count one, though necessary to count two.

"The use of other crimes evidence is not looked on favorably and its use must be narrowly circumscribed and limited." *Id.* Under Federal Rule of Evidence 404(b), evidence of a prior conviction is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2).

To establish that a prior conviction is admissible under Rule 404(b), the Government must show "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding

---

[5] In *Barker*, the Ninth Circuit held "the district court may not bifurcate the single offense of being a felon in possession of a firearm into multiple proceedings." 1 F.3d at 959. *Barker* is distinguishable for the reasons Flett articulates. *See* ECF No. 50 at 3. Therefore, the Court retains discretion to bifurcate count two's final element from all other elements in this case.

ORDER RULING ON PRETRIAL MOTIONS **-** 9

that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Rodriguez*, 880 F.3d 1151, 1167 (9th Cir. 2018) (quoting *United States v. Lloyd*, 807 F.3d 1128, 1157–58 (9th Cir. 2015)). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015) (quoting *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).

As to count one, Flett's prior domestic assault convictions are inadmissible under Rule 404(b). They all involved different victims and are mostly remote in time because they were adjudicated between six and nineteen years ago (six, seven, seven, nine, ten, eleven, thirteen, seventeen, and nineteen years ago, respectively). *See* ECF No. 44 at 4–6; ECF No. 61 at 2, 4–5, 23–24. More importantly, Flett's prior domestic assault convictions are not sufficiently relevant to a material issue in count one and would be used only to show his propensity—that on this occasion he acted in conformity with his drunken, violent character toward his intimate partners.

The Government makes several arguments, none of which is persuasive. The Government argues these convictions show an intentional wounding with intent to do bodily harm. ECF No. 44 at 4–7, 8 n.1. But "[a] showing of intent to assault on an earlier occasion proves little, if anything, about an intent to assault at some later time." *United States v. Bettencourt*, 614 F.2d 214, 217 (9th Cir. 1980). The

Government argues these convictions show an absence of mistake or lack of accident. ECF No. 44 at 4, 6, 8 n.1. But Flett disavows any case theory involving mistake or accident. ECF No. 50 at 11; ECF No. 66 at 10. The Government argues these convictions rebut a self-defense claim. ECF No 61 at 25. But Flett represents that he will not claim self-defense. ECF No. 66 at 10. The Government argues these convictions show modus operandi. ECF No. 44 at 4–5, 7. But far from establishing a distinctive criminal signature, Flett's pattern of drunken violence toward his prior intimate partners merely suggests bad character. The Government argues these convictions show motive through some form of provocation. ECF No. 56 at 5; ECF No 61 at 25. But this can be established on the facts of this case without reference to how Flett's prior intimate partners may or may not have provoked his assaults in past episodes. Additionally, the Government argues these convictions show identity. ECF No. 44 at 8 n.1; ECF No. 56 at 5; ECF No. 61 at 25. This argument is puzzling because Flett simply has not placed identity in issue.

The Government's strongest argument is that these convictions rebut a voluntary-intoxication defense. ECF No. 44 at 6. But it is uncertain whether Flett will raise such a defense. *See* ECF No. 50 at 11–12. Besides, rebutting such a defense is the same as proving specific intent and, as noted above, "[a] showing of intent to assault on an earlier occasion proves little, if anything, about an intent to assault at some later time." *Bettencourt*, 614 F.2d at 217.

Regardless, as to count one, Flett's prior domestic assault convictions are inadmissible under Rule 403. Their probative value is substantially outweighed by several dangers, including (1) unfair prejudice to Flett by suggesting he is guilty because he is a bad person, (2) confusing the issues the jury must decide and misleading the jury into a trial-within-a-trial by focusing on up to nine other victims and events long before the crime charged, (3) unduly delaying the proceedings and wasting time with testimony on matters unconnected to the present allegations, and (4) needlessly presenting cumulative evidence of Flett's various misdeeds.

Considering all, Flett's prior domestic assault convictions are inadmissible as to count one, though necessary to count two. In a joint trial on all elements, Flett would face "'a high risk of undue prejudice'" to his defense on count one because of "[t]he danger that a jury will infer present guilt from prior convictions." *Lewis*, 787 F.2d at 1321 (quoting *Daniels*, 770 F.2d at 1116). This danger "cannot be ignored." *Id.*

In sum, Flett has proven that a joint trial on all elements would be "manifestly prejudicial" to his defense on count one because it would cause prejudice of such magnitude that his right to a fair trial would be abridged. *Id.* While a limiting jury instruction could mitigate this undue prejudice, the Court exercises its discretion to provide a more robust safeguard that quarantines the prejudicial information unless and until the proper moment to consider it arrives. To save time and resources, the

Court elects bifurcation over severance. Flett's motion to bifurcate trial proceedings is **GRANTED** and his alternative motion to sever counts for trial is **DENIED AS MOOT**. Count two's final element, and corresponding evidence of Flett's prior domestic assault convictions, shall be withheld unless and until the jury finds the Government has proven all other elements of count two beyond a reasonable doubt. If the jury finds the Government has proven all other elements of count two beyond a reasonable doubt, the Court will reopen trial for the limited purpose of determining whether Flett committed the assault after having a final conviction on at least two separate prior occasions in federal, state, or Indian tribal court proceedings for offenses that would be, if subject to federal jurisdiction, any assault, sexual abuse, or serious violent felony against an intimate partner.

**C.    Flett's objections to anticipated expert testimony**

Flett raises two objections to certified physician assistant Christopher C. McGlothlen's anticipated testimony regarding D.L. and David A. Louie, Jr. ECF No. 49 at 3–5.

First, Flett objects to McGlothlen's testimony repeating D.L. and Louie's out-of-court statements because they are testimonial hearsay and admitting them through McGlothlen would violate Flett's confrontation rights if D.L. and Louie do not testify and he receives no opportunity to cross-examine them. *Id.* at 3. The Government argues the statements, which describe the source of physical injuries,

fit a hearsay exception because they were made either (1) for the purpose of medical diagnosis or treatment, or (2) to describe a then-existing physical condition. ECF No. 57 at 2–3 (citing Fed. R. Evid. 803(3), (4)). Further, the Government argues the statements are not testimonial because their primary purpose was to receive medical assistance, not to assist prosecution. *Id.* at 3–5 (citing *Michigan v. Bryant*, 562 U.S. 344, 359 (2011)). Finally, the Government argues admitting the statements through McGlothlen would not violate Flett's confrontation rights because D.L. and possibly Louie may testify, in which case he will receive an opportunity to cross-examine them. *Id.* at 3. The Court agrees with the Government on all points. Accordingly, Flett's first objection is **OVERRULED**.

Second, Flett objects to McGlothlen's testimony on the cause of D.L. and Louie's wounds because he is not qualified as an expert on that subject. ECF No. 49 at 3–5. The Government agrees not to elicit such testimony. ECF No. 57 at 6. Accordingly, Flett's second objection is **SUSTAINED**.

**D.      Flett's motions *in limine***

   **1.      Flett's motion to exclude accusations of child molestation**

Flett moves to exclude accusations that he committed a sex offense involving children. ECF No. 48 at 3–4. This evidence includes but is not limited to Flett's own statement that, sometime before the alleged assault, D.L. accused him of inappropriately touching her children. ECF No. 56 at 3; ECF No. 65 at 3–4. The

Government opposes the motion, arguing such evidence is admissible to establish motive. ECF No. 56 at 2–4. However, the probative value of such evidence is substantially outweighed by its danger of unfair prejudice to Flett. *See* Fed. R. Evid. 403. Accordingly, this motion is **GRANTED**, except if the Court declares Flett opened the door to such evidence.

### 2. Flett's motion to exclude evidence of an unrelated arrest warrant

Flett moves to exclude evidence that, at the time of his arrest in this case, he had an outstanding warrant for his arrest in an unrelated matter. ECF No. 48 at 4–6. The Government does not intend to introduce such evidence but reserves the right to do so if Flett opens the door to it. ECF No. 56 at 4. Accordingly, this motion is **GRANTED**, except if the Court declares Flett opened the door to such evidence.

### 3. Flett's motion to preclude evidence of tribal exclusion

Flett moves to preclude evidence that, in 2009, the Spokane Indian Reservation issued an order excluding him from its property. ECF No. 48 at 6–7. The Government does not intend to introduce such evidence but reserves the right to do so if Flett opens the door to it. ECF No. 56 at 4. Accordingly, this motion is **GRANTED**, except if the Court declares Flett opened the door to such evidence.

### 4. Flett's motion to exclude prior conviction records

Flett moves to exclude his prior conviction records. ECF No. 48 at 8–10. The Government opposes this motion. ECF No. 56 at 5–6. But considering the above

analysis regarding dismissal and bifurcation, this motion is **GRANTED** with two exceptions: (1) the Government may introduce Flett's prior domestic assault convictions to prove he has the two predicate offenses required by count two, and (2) the Government may use Flett's prior domestic assault convictions to impeach him or otherwise rebut his case theory if the Court declares he opened the door to those subjects.

Accordingly, **IT IS HEREBY ORDERED**:

1. Flett's motion to dismiss count two, **ECF No. 54**, is **DENIED**.
2. Flett's motion to bifurcate or sever counts, **ECF No. 50**, is **GRANTED IN PART** (as to bifurcation) and **DENIED AS MOOT** (as to severance).
   *A.* Count two's final element, and corresponding evidence of Flett's prior domestic assault convictions, shall be withheld unless and until the jury finds the Government has proven all other elements of count two beyond a reasonable doubt.
   *B.* If the jury finds the Government has proven all other elements of count two beyond a reasonable doubt, the Court will reopen trial for the limited purpose of determining whether Flett committed the assault after having a final conviction on at least two separate prior occasions in federal, state, or Indian tribal court

proceedings for offenses that would be, if subject to federal jurisdiction, any assault, sexual abuse, or serious violent felony against an intimate partner.

**3.** Flett's objections to anticipated expert testimony, **ECF No. 49**, are **OVERRULED IN PART** (as to the first objection) and **SUSTAINED IN PART** (as to the second objection).

**4.** Flett's motions *in limine*, **ECF No. 48**, are **GRANTED IN PART** (as to all four motions) and **DENIED IN PART** (to the extent Flett opens the door and the Court declares he has done so).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of May 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge